IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHN C. WILLIAMS, DONNA B. WILLIAMS, and NINA M. BRANTLEY, | : : : | |
| Plaintiffs, | : : | 5:06-CV-290 (CAR) |
| vs. | : : | |
| VERNON KEENAN, as Director of the Georgia Bureau of Investigations, TODD LOWERY as Commander of Oconee Drug Task Force, JIM WILLIAMSON as Telfair County Sheriff, DERRICK NOBLES, JOHN DOE, and Other Unknown Agents of the Oconee Drug Task Force, Individually and in their Official Capacities, | : : : : : : : : : : | |
| Defendants. | : | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Sheriff Jim Williamson's ("Defendant") Motion to Dismiss [Doc. 4] Plaintiff Nina M. Brantley's ("Plaintiff") claims against him. Through this Motion, Defendant asserts that the Eleventh Amendment immunity bars Plaintiff's claims against him in his official capacity. In her Response [Doc. 24], Plaintiff disputes the application of the Eleventh Amendment immunity. Moreover, Plaintiff argues that even if the Eleventh Amendment immunity bars Plaintiff's official capacity claims against Defendant, her individual capacity claims against him are sufficient to survive the motion to dismiss. Defendant, in his Reply [Doc. 38], argues that Plaintiff's Complaint [Doc. 1] failed to state any claims against him in his individual capacity.

1

After review of the arguments of the parties and the relevant authorities, the Court finds, for the reasons discussed below, that the Eleventh Amendment immunity bars Plaintiff's claims against Defendant in his official capacity as the Telfair County Sheriff. Therefore, Defendant's Motion to Dismiss is **GRANTED** with respect to any claims brought against Defendant in his official capacity.

The Court further finds that Plaintiff articulated, although perhaps not very clearly, a claim of damages against Defendant in his individual capacity. Reasonably assuming that Plaintiff was not suing Defendant in his individual capacity, Defendant omitted any law or analysis on the issue of his individual liability. As such, Defendant is hereby **ORDERED** to file a supplemental brief on the issue of Defendant's individual liability within **ten (10) days** of the date of this Order. Plaintiff will then have **ten (10) days** in which to respond.

## I. Facts Alleged in Plaintiff's Complaint

Plaintiff is an African-American female. She formerly resided on a 38 acre lot in Telfair County that her daughter and son-in-law rented from another individual. The Oconee Drug Task Force found marijuana plants growing somewhere on the property on which Plaintiff was residing and subsequently arrested her for manufacturing the marijuana.

According to Plaintiff, the aforementioned events gave rise to three constitutional violations: (1) Plaintiff claims that she was falsely arrested, in violation of her Fourth Amendment right; (2) Plaintiff claims that the investigation leading up to the discovery of the marijuana was racially discriminatory, in violation of her Fourteenth Amendment right to equal protection; and (3) Plaintiff claims that she was deprived of her liberty interest in her reputation, in violation of her Fourteenth Amendment right to procedural due process.

Plaintiff seeks relief from four named Defendants: Vernon Keenan, as Director of the Georgia Bureau of Investigations; Todd Lowery, as Commander of Oconee Drug Task Force; Jim Williamson, as Telfair County Sheriff, individually and in his official capacity; and Derrick Nobles, an Agent of the Oconee Drug Task Force, individually and in his official capacity.

Currently at bar is Defendant Sheriff Jim Williamson's Motion to Dismiss pursuant to Rule 12(b)(6). Defendant allegedly "caused or effected the arrest of Plaintiff[]." (Compl. Count 1 ¶ 7.)

## II. Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits courts to dismiss complaints for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court is not to assess the veracity or weight of the evidence; rather, the "purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of claim for relief." Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1368 (11th Cir. 1997). Accordingly, the issue is whether the plaintiff is entitled to present evidence in support of his claims, not whether those claims will ultimately succeed. Little v. City of N. Miami, 805 F.2d 962, 965 (11th Cir. 1986).

Ultimately, in reaching its decision, a district court must accept the allegations set forth in the complaint as true and construe facts in the light most favorable to the non-moving party. Id.; see Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999).

"Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist." Wagner v. Daewoo Heavy Indus. Am. Corp., 289 F.3d 1268, 1270 (11th Cir. 2002), rev'd on other grounds, 314 F.3d 541 (11th

Cir. 2002) (en banc). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004).

Motions to dismiss, however, are "viewed with disfavor" and should be rarely granted. Brooks, 116 F.3d at 1369. A complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957); see Brooks, 116 F.3d at 1369.

### III. Discussion

#### A. Official Capacity Claims

In her Complaint, Plaintiff asserts claims against Defendant in his official capacity as the Telfair County Sheriff. Defendant contends that the Eleventh Amendment immunity bars Plaintiff's claims against Defendant in his official capacity. It is well-established that the Eleventh Amendment bars suits in federal court against the state itself and against an "arm of the State." See Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). As such, the issue here turns on whether Defendant acted as an "arm of the State" when he "caused or effected" Plaintiff's arrest.

To determine whether an entity is an "arm of the State," courts consider four factors: "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the

4

entity." Id. at 1309.  Courts must assess these factors "in light of the particular function in which the defendant was engaged when taking the actions out of which liability is asserted to arise." Id. at 1308.

Applying these factors, the Eleventh Circuit in Manders v. Lee, the seminal case concerning sheriffs' immunity in Georgia, found that a Georgia county sheriff was an "arm of the State" when establishing his use of force policy in county jails. Id. at 1328.  The en banc court reasoned that the Georgia sheriff was an "arm of the State" in that instance because his duties and functions were "derived directly from the State, performed for the State, and controlled by the State." Id.  Like Manders, this case involves a Georgia county sheriff.  The particular function at issue here is the law enforcement function performed by Defendant when he "caused or effected" Plaintiff's arrest for violations of state drug laws. (Compl. Count 1 ¶ 7.)  Although the holding of Manders was limited to the specific function at issue in that case–the creation and implementation of force policy–the Eleventh Circuit strongly suggested that in performing law enforcement functions, such as arresting citizens for violations of the law, Georgia sheriffs were similarly "arms of the State." Id. at 1313.  ("[S]heriffs in Georgia derive their power and duties from the State, are controlled by the State, and counties cannot, and do not, delegate any *law enforcement* power or duties to sheriffs." (emphasis added)); see also Mladek v. Day, 293 F. Supp. 2d 1297, 1304 (M.D. Ga. 2003), aff'd without opinion, 125 Fed. Appx. 978 (11th Cir. 2004) (unpublished table decision).   Therefore, the Court finds in this case that, based on the rationale of Manders, Defendant acted as an "arm of the State" in "causing or effecting" Plaintiff's arrest.  As such, he is entitled to immunity under the Eleventh Amendment for any claims brought against him in his official capacity.

Plaintiff urges the Court to rely on Abusaid v. Hillsborough County Bd. of County Comm'rs, an Eleventh Circuit decision where a three-judge panel held that a Florida sheriff is not a state officer when he enforces a local ordinance, to find that Defendant did not act as an "arm of the State" in this case. 405 F.3d 1298 (11th Cir. 2005). The Court is unpersuaded by Plaintiff's argument for two reasons. First, the case was decided under Florida law, unlike Manders, which was decided under Georgia law. Second, Abusaid's conclusion that the sheriff was not a state actor but a county officer was based, in part, on the fact that the sheriff was enforcing a *county* ordinance. In this case, Defendant was enforcing Georgia *state* drug laws, further supporting the conclusion that he was acting as an "arm of the State" in "causing or effecting" Plaintiff's arrest.

For the foregoing reasons, the Court finds that Defendant acted as an "arm of the State" when he "caused or effected" Plaintiff's arrest for violations of state drug laws. Defendant is therefore entitled to the Eleventh Amendment immunity for any claims brought against him in his official capacity as the Sheriff of Telfair County. Accordingly, Defendant's Motion to Dismiss is **GRANTED** with respect to any claims brought against Defendant in his official capacity.

*B. Individual Capacity Claims*

It is well-settled that an official may be sued in his individual capacity for damages under § 1983. See, e.g., Hafer v. Malo, 502 U.S. 2 (1991). Unfortunately, Plaintiff's Complaint does not clearly articulate the capacity in which Defendant has been sued. Thus, as a threshold issue, the Court must determine whether Plaintiff is even suing Defendant in his individual capacity. To determine the capacity in which an official has been sued, the Eleventh Circuit takes a

flexible approach and looks at the complaint and the course of proceedings. See Colvin v. McDougall, 62 F.3d 1316, 1317 (11th Cir. 1995) ("In trying to determine in what capacity Sheriff . . . was sued, we look at the complaint and the course of proceedings.").

Defendant is mentioned by name in the Complaint only three times. Each time, Defendant is referred to as "Defendant Jim Williamson as Telfair County Sheriff," strongly suggesting that Defendant was sued in his official capacity, as the Sheriff, not as an individual. (Compl. Caption & Count 1 ¶¶ 5 and 7.) On the other hand, the rest of the Complaint asserts individual capacity claims and seeks punitive damages[1] against "Defendants," a group which presumably includes Defendant. (See, e.g., Compl. Count 1 ¶¶ 11, 23, and 25.) In the spirit of liberal federal pleading policies, this Court will give Plaintiff the benefit of the doubt, and allow her to develop her claims against Defendant in his individual capacity.

Reasonably assuming that he was not being sued in his individual capacity, Defendant omitted any law or analysis on the issue of his individual liability. As such, Defendant is hereby **ORDERED** to file a supplemental brief on the issue of Defendant's individual liability within **ten (10) days** of the date of this Order. Plaintiff will then have **ten (10) days** in which to respond. Such briefs may not exceed six (6) pages in length, and because each party has already had an opportunity to fully address all other issues formerly raised by Defendant, the parties may not address any other issues in the supplemental briefs. Any arguments made by the parties which do not relate to the issue of Defendant's individual liability will not be considered by the

---

[1] Assertion of punitive damages implies that the claim was asserted against that official in an individual capacity, because punitive damages, although available against an official in an individual capacity, are not recoverable against an official in his official capacity. See Colvin, 62 F.3d at 1317.

Court.

**SO ORDERED** this 5th day of January, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

EHE/ssh