IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JOHN C. WILLIAMS, DONNA B. WILLIAMS, and NINA BRANTLEY,** | : : : | |
| **Plaintiffs,** | : : | 5:06-CV-290 (CAR) |
| vs. | : : | |
| **VERNON KEENAN, as Director of the Georgia Bureau of Investigations, TODD LOWERY as Commander of Oconee Drug Task Force, JIM WILLIAMSON as Telfair County Sheriff, DERRICK NOBLES, JOHN DOE, and Other Unknown Agents of the Oconee Drug Task Force, Individually and in their Official Capacities,** | : : : : : : : : | |
| **Defendants.** | : | |

_____

## ORDER ON DISMISSAL WITHOUT PREJUDICE

Plaintiffs filed the instant § 1983 action[1] on August 23, 2006, alleging that various law enforcement officials, acting under color of state law, deprived them of their constitutional rights. However, the allegations in the Complaints are so vague and ambiguous that neither the Court nor Defendants have been able to determine *how* Defendants' actions purportedly deprived Plaintiffs of their constitutional rights. In other words, the Complaints are quintessential "shotgun" pleadings of the kind repeatedly condemned by the Eleventh Circuit. See, e.g., Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 164 (11th Cir. 1997); Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty.

---

[1] Initially, Plaintiffs filed two separate actions—one on behalf of Plaintiffs John C. Williams and Donna B. Williams and another on behalf of Donna B. Williams's mother, Plaintiff Nina Brantley. Upon Defendants' Motion for Consolidation, however, this Court consolidated the two actions [Doc. 41].

Coll., 77 F.3d 364, 366 (11th Cir. 1996).

On February 7, 2007, this Court held a conference with counsel for both parties during which the Court, among other things, informed the parties of its inclination to dismiss the action (without prejudice) due to the shotgun nature of the Complaints. The Court further instructed Plaintiffs' counsel to submit a brief if Plaintiffs opposed the proposed dismissal. Pursuant to the Court's directive, Plaintiffs submitted a Brief in Opposition to Proposed Dismissal [Doc. 56]. In it, Plaintiffs (1) disagree with the Court's characterization of their Complaints as shotgun pleadings and (2) argue that dismissal is an unduly severe disposition of the action. The Court will address each of these concerns in turn.

## DISCUSSION

A. Complaints' Deficiencies

Generally, shotgun pleadings are "those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279 (11th Cir. 2006) (internal citation omitted). "Shotgun pleadings wreak havoc on the judicial system." Id. (citing Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001)). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the courts ability to administer justice." Anderson, 77 F.3d at 367.

The shotgun nature of Plaintiff's Complaints can best be illustrated by examining Count II of the Complaint filed on behalf of Plaintiff Nina Brantley, which lays out her defamation claim. Following the incorporation clause ("The contents of Paragraphs 1 through 11 and 19

2

through 22 are incorporated herein by reference"), Plaintiffs generally state a defamation claim. Plaintiffs do not specify, however, which of the incorporated paragraphs supports the defamation claim.

Moreover, the Complaints fail to delineate the conduct attributable to each Defendant. In each count, the Complaints allege that "Defendants" engaged in prohibited conduct, but make no distinction among the four named Defendants, even though it is impossible for each Defendant to have participated in each of the alleged wrongs.

Lastly, the Complaints are simply factually deficient. This Court acknowledges that the Federal Rules of Civil Procedure ("Rules") do not require much of the plaintiff at the pleading stage. The Rules do, however, require the plaintiff to establish sufficient facts in his/her complaint to apprise the opposing party of the charges against it. See Thompson v. Allstate Ins. Co., 476 F.2d 746, 749 (5th Cir. 1973)[2] (stating that the complaint must give fair notice of plaintiff's claims). The Complaints in this case fail to give Defendants sufficient notice of the nature and factual bases of Plaintiffs' claims against them. For example, in the previously mentioned defamation allegation, Plaintiff simply asserts that "Defendants falsely accused Plaintiff[sic] of manufacturing drugs," followed by "Defendants defamed Plaintiff and irreparably damaged her reputation." (Brantley Compl., Count II, ¶ 2-3.) These allegations do not indicate, however, whether Defendant(s) uttered a statement that allegedly defamed Plaintiffs or whether Plaintiffs insinuate that the mere act of the arrest defamed them. While the former allegation is actionable, the latter is not. In short, Plaintiff articulated neither the action(s) on the

---

[2] Opinions of the Fifth Circuit issued prior to October 1, 1981, the date marking the creation of the Eleventh Circuit, are binding precedent on this Court. See Bonner v. City of Prichard, 661 F.2d 1206, 1209-11 (11th Cir. 1981) (en banc).

3

part of Defendant(s) giving rise to the conclusory allegations contained in Count II, nor the Defendant(s) that allegedly defamed her.

B.  Solution

Given the myriad deficiencies in Plaintiffs' Complaints, this Court feels that dismissal without prejudice (and without effect on the statute of limitations) is appropriate in this case. Although, as Plaintiffs point out, Rule 12(e) allows Defendants to "move for a more definite statement" when a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," none of the Defendants moved the Court to order Plaintiffs to file a more definite statement.  Instead, Defendants filed numerous motions to dismiss for failure to state a claim.  "[I]f, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader."  See Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001).  The Court will, therefore, adhere to the mandate of the Eleventh Circuit.  Accordingly, the Court **DISMISSES** Plaintiffs' Complaints **without prejudice** and without effect on the statute of limitations.  Plaintiffs may recast and re-file their Complaint within 20 days of this Order.  The recast complaint must, at a minimum: (1) specify the conduct subjecting *each* Defendant to liability; (2) ensure that named Defendants are persons/entities subject to suit under § 1983;[3] and (3) state sufficient facts to apprise Defendants of the charges against them individually.  The re-filing of the Complaint as is or with deficiencies specifically addressed in this Order may result in dismissal with prejudice or any

---

[3] See, e.g., Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc) (holding that a Georgia sheriff is immune from a suit against him in his official capacity when performing certain state-related functions).

other sanctions this Court deems proper. Finally, upon re-filing, Plaintiffs will not be subject to the $350.00 filing fee.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the above-styled action **without prejudice** with permission to re-file.

**SO ORDERED**, this 30th day of April, 2007.

                                                  s/ C. Ashley Royal
                                                  C. ASHLEY ROYAL
                                                  UNITED STATES DISTRICT JUDGE

EHE/jab